**UNITED STATES of America**

v.

**Cecil Eugene HARRIS et al.**

**Crim. A. No. 5–396.**

United States District Court,
N. D. Texas,
Lubbock Division.

Oct. 25, 1971.

Eldon B. Mahon, U. S. Atty., Fort Worth, Tex., Willis T. Taylor, Asst. U. S. Atty., Lubbock, Tex., for plaintiff.

Travis D. Shelton, William J. Gillespie, Gillespie & McClendon, Lubbock, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

WOODWARD, District Judge.

The defendants in the above entitled and numbered case have been indicted

---

by a Grand Jury in the Northern District of Texas for the violation of Section 1955, Title 18, United States Code, the prohibition of illegal gambling businesses. Defendants have duly filed their motion to dismiss the indictment.

The crux of the motion by the defendants is that the Congress does not have the power to regulate or to designate as illegal those activities and businesses which are purely local in nature and do not affect interstate commerce. Therefore, as stated in the defendants' brief, this statute cannot stand unless, in the light of the facts and testimony that were before Congress, this Court can perceive a rational basis for finding that illegal gambling businesses as a class do have a substantial effect on commerce among the several states. Katzenbach v. McClung, 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964).

As held in United States v. Darby, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609 (1941), Congress has such power, and this power reaches the activities intrastate which have a substantial effect on commerce or on the exercise of Congressional power over it. The Supreme Court in Perez v. United States, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971), found that the Commerce Clause reaches "those activities affecting commerce." In *Perez* the Court analyzed the factual data before Congress in upholding the loan shark prohibitions of the Organized Crime Control Act of 1970.

In Section 801 of Title 8 of the Organized Crime Control Act of 1970, Congress has specifically declared:

> "The Congress finds that illegal gambling involves widespread use of, and has an effect upon, interstate commerce and the facilities thereof."

The mere fact that Congress has said that a particular activity shall be deemed to affect commerce does not preclude further examination by the courts. Katzenbach v. McClung, *supra.* However, Congress had a sufficient rational basis for finding as it did in Section 801, that illegal gambling has an effect upon interstate commerce and the facilities thereof. This being supported by the evidence and expert testimony afforded Congress, it is within the reach of the Federal power, and the provisions of Section 1955, Title 18, U.S. Code are not constitutionally deficient or infirm.

Ample evidence of the rational basis on which Congress promulgated Section 801 is to be found in 116 Congressional Record H 9656-58, (October 6, 1970) and 116 Congressional Record S 320, S 324, S 329-30, S 335-36, S 348-50 (January 21, 1970). The facts presented to Congress are sufficient to support a rational conclusion that illegal gambling activities affect interstate commerce and the facilities thereof, and that therefore such activities are properly subject to regulation by the Congress under the Commerce Clause and in accordance with the provisions of Section 1955, Title 18, U.S. Code.

The above premises considered, defendants' motion to dismiss is denied.